Per Curiam.

If the áct from which the injury resulted was an official act, the authorities are clear that the sheriff is answerable ; if it was not an official, but a personal act, it is equally clear that he is not answerable. But an official act does not mean what the deputy might lawfully do in the execution of his office ; if so, no action would ever lie against the sheriff for the misconduct of his deputy. It means, therefore, whatever is done under color or by virtue of his office. In the present case, the deputy had a writ of attachment, and was directed to attach a particular parcel of real estate, which he did. It is said that the writ was then functus officio. It may be true that nothing more could legally be done under it; but the question is, whether the subsequent receiving of the money was not under color of office. If the plaintiff had given the money to prevent the service of the writ, the deputy in receiving it would have acted merely as an agent. Here he undertook to make an attachment of the money. There is no doubt that he professed to act as an officer, and that he made the plaintiff believe that he was so acting.[1]
An objection is made, that money is a kind of property not *281 subject to attachment.[1] This circumstance makes no difference. Suppose a deputy sheriff should attach articles which are exempted from attachment by statute. There could be no pretence that the sheriff was absolved from responsibility, because the articles were not attachable. And so it is in the case of an attachment of money, or after the writ was functus officio ; though the attachment might be void. The same might be said where a debtor had paid his creditor after an execution had been put into the hands of a deputy sheriff; if the officer with due notice of the payment proceeds to levy the execution, the sheriff will be liable. It may be too strong an expression to say, that in the case at bar the money was attached, but it was pretended to be attached ; and the sheriff must stand between his deputy and the party injured. The sheriff is liable, whenever his deputy would be, for acts done, under color of office. Where the duty of the deputy results from a contract, there the sheriff is not answerable.[2]
The defendant was defaulted, and judgment was entered for the plaintiff for the sums of money paid by him, with interest from the time of payment.

 See Green v. Lowell, 3 Greenl. 373.

 See St. 1822, c. 93, § 5. In King v. Webb, 2 Show. 166, it was held that the sheriff may take ready money under a levari facias. So, money may be taken under a fieri facias ; Dalton’s Sheriff, 145. See also Willows v. Ball, 5 Bos. & Pull. 376. In Francis v. Nash, Rep. Temp. Hardwicke, 53, it was ruled, that bank notes could not be taken in execution, because they are choses in action. But in New York it was held, that money or bank bills may be taken in execution. Handy v. Dobbin, 12 Johns. R. 220; Holmes v. Nuncaster, 12 Johns. R. 396. In New Hampshire, bank bills may be attached by virtue of a writ, and seized upon an execution. Spencer v. Blaisdell, 1 N. Hamp. Cases, 198. See Staples v Staples, 4 Greenl. 532.

 See Tobey v. Leonard, 15 Mass. R. 200; Gorham v. Gale, 7 Cowen, 739; S. C. 6 Cowen, 467, note; Johnson v. Edson, 2 Aikens’s R. 299; Tomlinson v Wheeler, 1 Aikens’ R. 194